## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| COMPLAINT OF SOUTHERN ) | |
| ILLINOIS TRANSFER COMPANY, ) | |
| INC., FOR EXONERATION FROM, OR ) | Case No. 1:24-CV-00116-SNLJ |
| LIMITATION OF, LIABILITY ) | |
| ) | |

## <u>MEMORANDUM AND ORDER</u>

This is an admiralty action.  Plaintiff SITCO filed this admiralty lawsuit under 46

U.S.C. §§ 30501-30530[1] for the purpose of obtaining a decree to limit and/or exonerate

its liability related to an incident that occurred on June 13, 2024 involving the Motor

Vessel JANE F.  This Court entered an Order "Directing Issuance of Notice Pursuant to

Rule F of the Supplemental Rules of Admiralty" on July 14, 2024 [Doc. 6].  That order

directed SITCO to both publish notice of this action in a newspaper and to also "mail a

copy of said public notice to every person (or their attorney) at their last known address

to have made any claim against Plaintiff or the M/V Jane F arising from the" June 13

incident. [Doc. 6 at 1.]  No claims were made by the September 30 deadline set forth in

the Order, so this Court entered the "Final Decree of Exoneration from Liability" on

October 2, 2025. The Decree stated SITCO was exonerated and discharged from all

losses growing out of the incident; further, all persons who did not file claims against

---

[1] SITCO cites 46 U.S.C. §§ 30501-30512, but the statutory section numbers were renumbered in 2022.  Section 30511 is now § 30529.

plaintiff related to the incident were forever barred from bringing any action against SITCO related to the incident [Doc. 10].

On October 10, 2025, Eric Wright filed a motion to set aside the Decree pursuant to Federal Rule of Civil Procedure 60(b) [Doc. 11] so that he may make a claim against SITCO in this admiralty action. Wright states that he was a crewmember on the M/V JANE F and that he was injured in the June 13 incident. Indeed, the Complaint [Doc. 1] identifies Eric Wright as a "mate" on the M/V JANE F and states that he "had finished connecting a barge cover to a crane when he decided to jump down from the barge cover to the deck of a hopper barge and thereafter fell onto the deck of a crane barge and sustained injuries." [Doc. 1 ¶ 5.] Wright is the only person to be involved in the incident mentioned in the Complaint.

SITCO had mailed notice of this admiralty action to Wright pursuant to this Court's July 14 Order and Rule F of the Supplemental Rules of Admiralty. However, Wright says he did not receive the notice SITCO sent to him until after the September 30 deadline had passed, and he requests that the Decree be set aside so that he can file his claim with the Court. SITCO opposes the motion because it states it was not required to mail the notice to anyone, as "no one had asserted claims arising out of the June 13 incident." [Doc. 15 at 2.] As a result, SITCO says, Wright's failure to receive the notice in time to file a claim is immaterial.

On December 11, 2024, this Court requested additional briefing from both SITCO and Wright. The matter has now been fully briefed and is ripe for disposition.

SITCO argues that, because Wright never made a claim related to the incident, SITCO was not required to mail notice to him.  As already indicated, SITCO was required to "mail a copy of said public notice to every person (or their attorney) at their last known address to have made any claim against Plaintiff or the M/V Jane F arising from the" June 13 incident. [Doc. 6 at 1 (emphasis added).]  The question then is what constitutes a "claim" for purposes of notice.  SITCO does not appear to dispute that, (1) if Wright were entitled to notice under Rule 4, and (2) Wright did not receive that notice, then the Decree should be vacated to allow Wright to make a claim.  SITCO's position is that Wright had not made a claim, that SITCO mailed Wright notice only "as a courtesy," and that SITCO was not required to do so, so Wright's failure to receive the notice by the deadline is not a reason to vacate the Decree to allow Wright to file a claim.

Wright did not receive the notice until after the deadline to file a claim had passed because the address used by SITCO was "631 Chester Street," when in fact his address was "631 Chestnut Street."  To SITCO's credit, the "Chester Street" address was also the address on several documents in plaintiff's medical record.  But SITCO had actual knowledge of Wright's actual address on "Chestnut Street" because SITCO had also been mailing Wright "maintenance checks for injuries received" in the June 13 incident to the "Chestnut Street" address.

This Court raised the issue of whether the fact Wright was receiving "maintenance checks" related to the June 13 incident meant that Wright was entitled to notice as having made "any claim" under Rule F.  That was the subject of the supplemental briefing requested by the Court.

3

"Maintenance and cure" are traditional admiralty remedies awarded consequent to admiralty claims, regardless of whether the claim ever makes its way to Court, and regardless of whether any other claims are otherwise filed. *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 17-19 (1963); *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001).  *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 407-408; 412-413 (2009).  *See also Bartholomew v. Universe Tankships, Inc.* 279 F.2d 911, 913 (2d Cir. 1960).  Even though maintenance and cure may be considered rights to which all seamen are entitled regardless of negligence, maintenance and cure payments must be sought nonetheless.  *See Atlantic Sounding Co.*, 557 U.S. at 413; *Bartholomew*, at 914; *Brister v. A.W.I. Inc.*, 946 F.2d 350, 360 (5th Cir. 1991).  Other districts outside this circuit have found that a claim for maintenance and cure is not one that falls within the purview of a limitation of liability action.  *Ferriera Constr. Co. Inc. v. Atkins*, 655 F.Supp.3d 1195, 1198 (S.D. Fla. 2023) ("maintenance and cure…is not a claim subject to limitation of liability in admiralty.").  Because "maintenance and cure" claims are not subject to limitations of liability under admiralty law, SITCO believes it was not obligated to notify Wright of this action for exoneration.

SITCO's argument is puzzling. Wright is the only identified person who could conceivably have a claim against SITCO related to the incident according to SITCO's own complaint.  [*See* Doc. 1 ¶¶ 5-12.]  Section 50529(a) states, "The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after a claimant gives the owner written notice of a claim."  The existence of a claim thus appears to be a

4

requirement of the relevant statute, 46 U.S.C. § 50529.  *See In re Talbott*, 558 F. Supp. 3d 703, 709 (N.D. Ind. 2021).  In *Talbott*, for instance, the Court observed that "without an indication of an underlying claim, [the plaintiff] cannot meet the statutory prerequisites of 46 U.S.C. § 30511(a) and would not be entitled to proceed in his limitation action."  *Id.*

There is scant case law applicable to the situation presented here.  Although the statute says the action must be filed within six months of a claimant's written notice of a claim, and such a claim "must reveal a 'reasonable possibility' that the claim made is one subject to limitation" in order to trigger the six-month deadline, *Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 829 (7th Cir. 1996), the Supplemental Rules of Admiralty require notice be mailed to "every person known to have made any claim." Fed. R. Civ. P. Supp. R. F(4).  Thus, it is not entirely clear that the statute and Supplemental Rule F(4) refer to the same kinds of claims.  Regardless, it does appear that that "maintenance and cure" payments may not alone demonstrate that Wright had made a claim that would trigger the statute.  But it certainly seems as though those payments, along with SITCO's specific identification of Wright as an injured party in the limitations action and SITCO's attempt to notify Wright of this action effectively estop SITCO from arguing that Wright was not a claimant entitled to notification of Rule 4.

Equitable estoppel prevents a party "who has full knowledge of the facts from accepting the benefits of a transaction, contract, or order and subsequently taking an inconsistent position to avoid corresponding obligations." *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738 (8th Cir. 1987). "Judicial estoppel, unlike equitable estoppel, does not require reliance or prejudice before a party may invoke it."  *Id.* at 737, n.6.  Here, SITCO

seeks the benefits of 46 U.S.C. § 30529—limitation of its liability upon receipt of a written claim—while also denying any such claim existed. The only possible claimant under the facts presented in SITCO's complaint was Wright. Moreover, SITCO actually sent Wright notice of the lawsuit pursuant to this Court's order and Supplemental Rule F(4). Notably, although the Court's order regarding notice was dated July 14, 2024, and claims were due by September 30, 2024, SITCO did not mail notice to Wright until September 6. Although the September 6 mailing date complies with Supplemental Rule F(4), it is understandable that Wright could not have received the misaddressed notice and filed a claim in this action by the September 30 deadline. As already stated, SITCO used the wrong address for Wright despite mailing Wright's maintenance and cure payments to the correct address. Finally, Supplemental Rule F(4) is clear that "For cause shown, the court may enlarge the time within which claims may be filed." The time would have certainly been enlarged for Wright under the circumstances here had there not already been a final judgment in the case.

Because Wright could no longer seek such an extension of time due to the final judgment, Wright filed the instant motion for relief under Rule 60(b). That rule provides grounds for relief from a final judgment, order, or proceeding due to, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect" or because "the judgment is void." Fed. R. Civ. P. 60(b)(1), (4). The rule also provides grounds for relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Wright has demonstrated that he is entitled to relief under that rule. SITCO is estopped from arguing that it was unaware of any claim by Wright for the reasons explained above, and SITCO's mistakenly-addressed notice to

6

Wright coupled with the quick entry of the Decree provide ample equitable reason to

allow re-opening of this case to permit Wright to file a claim.

Accordingly,

**IT IS HEREBY ORDERED** that claimant Wright's motion to set aside judgment pursuant to Rule 60 [Doc. 11] is GRANTED.  Wright will be given 30 days to file his claim with the Court.


Dated this 28th day of March, 2025.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE